In re Wendell L. STEVENSON and Juanita M. Stevenson, Debtors.

Jim S. GREEN, Trustee, Plaintiff,

v.

Wendell L. STEVENSON and Juanita M. Stevenson, his wife, and Alford Stevenson and Carrie Stevenson, his wife, Defendants.

Bankruptcy No. 84-00351(SE).
Adv. No. 86-0020(SE).

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

Oct. 31, 1986.

---

J. Patrick O'Loughlin, Cape Girardeau, Mo., for plaintiff.

Gordon Fritz, Malden, Mo., for defendants.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On October 22, 1984, Debtors filed their joint voluntary Chapter 7 petition. On March 14, 1986, Trustee filed a Complaint against them and Alford Stevenson and Carrie Stevenson, the parents of Debtor Wendell L. Stevenson (hereafter "the parents"). By his Complaint, the Trustee seeks to set aside what he alleges to be a fraudulent conveyance of real estate from Debtors to the parents. On April 21, 1986, Defendants filed their Answer, admitting the conveyance but denying that it was fraudulent. The issue having been duly joined, the matter was tried on July 30, 1986, at which time the parties appeared in person and by counsel, evidence was adduced, and ruling reserved. Based upon the following findings of fact and conclusions of law, the Court will this day grant judgment for the Trustee by ordering the conveyance avoided.

### FINDINGS OF FACT

(1) On August 31, 1983, the parents conveyed to Debtors a remainder interest in approximately 40 acres of farmland in Butler County, Missouri, reserving for themselves a life estate in the property. The Butler County property is more specifically described as follows:

> The South Half of the Southwest Quarter of the Southwest Quarter and the West Half of the Southeast Quarter of the Southwest Quarter of Section Two (2), Township Twenty-four (24) North, Range Seven (7) East, excepting roads, containing forty (40) acres, more or less, Butler County, Missouri.

(2) On June 26, 1984, Debtors reconveyed their interest in the property to the parents, leaving the parents again with a fee simple interest in the property.

(3) Debtors received no consideration for the transfer of their interest in the property to the parents.

(4) At the time of the reconveyance, Debtors' liabilities exceeded their assets by approximately $200,000.00.

(5) At the time of the reconveyance, Debtors were not able to pay their debts as they became due.

(6) The purpose of the reconveyance was to allow the parents to use the property as collateral for a loan to buy farm land.

(7) At no time did the parents pay any of the Debtors' debts.

(8) At the time of the reconveyance, the property had a fair market value of between $20,000.00 and $40,000.00.[1]

(9) At the time of the reconveyance, Alford Stevenson was 70 years old while his wife, Carrie Stevenson, was 66 years old.

(10) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.

### CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(H), which the Court may hear and determine.

(2) "Where a transfer is between related parties, the transfer is subject to close scrutiny and gives rise to a presumption of actual fraudulent intent where the transfer is without adequate consideration.... This presumption establishes the trustee's *prima facie* case and shifts the burden of proof to establish the absence of fraudulent intent to the debtor." *In re Porter*, 37

---

**1.** The attorneys speculated that the remainder interest transferred by the Debtors to the parents is between $2,000.00 and $5,000.00.

B.R. 56, 60–61 (Bankr.E.D.Va.1984); *see also, Matter of Loeber,* 12 B.R. 669, 675 (Bankr.D.N.J.1981); *see, In re Bateman,* 646 F.2d 1220, 1222 (8th Cir.1981) (gratuitous transfer of valuable property raises presumption of actual fraudulent intent necessary to bar discharge under Section 14(c)(4) of former Bankruptcy Act).

(3) Debtors' transfer of their remainder interest in the Butler County, Missouri farm land to the parents was a transfer of valuable property without adequate consideration.

(4) Debtors' explanation of the transfer fails to rebut the presumption that the transfer was made without the actual intent to hinder, delay, or defraud their creditors.

(5) Said transfer is avoidable under 11 U.S.C. § 548(a)(1).

(6) Debtors received less than a reasonably equivalent value in exchange for the transfer of their remainder interest in the Butler County, Missouri farm land to the parents.

(7) Debtors were insolvent on June 26, 1984, the date of said transfer.

(8) Said transfer is also avoidable under 11 U.S.C. § 548(a)(2)(A), (B)(i).

(9) An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

(10) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.